UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 09-60586-MC-DIMITROULEAS/SNOW

TEKSYSTEMS, INC.,

    Plaintiff,

vs.

JONATHAN M. BOLTON,

    Defendant,

and

STEVEN DOUGLAS ASSOCIATES,
INC.,

    Non-party Witness.
_____/

## STIPULATED PROTECTIVE ORDER

**THIS CAUSE** came before the Court on the Stipulation for Entry of Protective Order filed by Plaintiff TEKsystems, Inc., Defendant Jonathan M. Bolton, and Non-party Witness Steven Douglas Associates, Inc. Upon consideration of the parties' Stipulation, it is hereby

**ORDERED and ADJUDGED** as follows:

1. When used in this Stipulated Protective Order ("Protective Order"), the words set forth below shall have the following meanings:

    (A) "Document" or "Documents" includes, but is not limited to, all writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, by the party to whom the request is directed through detection devices into reasonably usable form, which have been Disclosed by Non-party

Witness Steven Douglas Associates, Inc. ("SDA"), pursuant to the document subpoena that Plaintiff TEKsystems, Inc. served on SDA on or about March 23, 2009.

(B) "Disclose" or "Disclosure" means to produce, reveal, divulge, give, or make available any Documents, or any part thereof, or any information contained therein.

(C) "Confidential" or "Confidential Information" is intended to be applied consistent with Federal Rule of Civil Procedure 26(c) and as specified herein to Documents that contain non-public, trade secret, proprietary, or confidential information that is treated as such by the proprietor thereof, including but not limited to, commercial, business, financial, research, development or other commercial information that the designating party in good faith believes requires the protections of this Order.

(D) "Attorneys' Eyes Only" is intended to be applied as specified herein to Documents that contain non-public, proprietary, or confidential information that is treated as such by the proprietor thereof, including but not limited to, business, financial, research, development or other commercial information that the designating party in good faith believes requires a higher level of protection and that the disclosure of the information to any officer, director, or employee for any party in this action, would create an unreasonable risk of material harm to the business of such person that would not exist in the absence of such disclosure.

(E) "Litigation" means the case entitled <u>TEKsystems, Inc. v. Bolton</u>, Civil No. 08-CV-3099 RDB, currently pending in U.S. District Court for the District of Maryland, Northern Division.

(F) "Party" means Plaintiff TEKsystems, Inc., Defendant Jonathan M. Bolton, and Non-party Witness Steven Douglas Associates, Inc.

(G) "Signatory" means any Party, or any other person or entity who signs Attachment A to this Protective Order, and their counsel.

2. The Documents shall be used solely for the purpose of this Litigation. Except by court order, the Documents shall not be used by Plaintiff for any other purpose, including, without limitation, any business or commercial purpose.

3. The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL" or the phrase "ATTORNEYS' EYES ONLY." In the case of a thing, the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be securely affixed in a prominent location. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." With regard to marking documents with the appropriate confidentiality classification, each page of the document that contains confidential information shall be so marked in a prominent location. Copies, extracts, summaries, notes, and other derivatives of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Documents shall also be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and shall be subject to the provisions of this Order. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

4. Other than as permitted by this Order, no person may review, examine, or make copies of such documents or be given access to such information without the written consent of the opposing or producing party, and no one properly in possession of such documents or information may reveal the contents of the same or exhibit any document or any portion of any document to anyone other than those permitted by this Order. To obtain written consent for the disclosure of anything designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to any person not specified herein, such party must first present a written request to opposing counsel seeking the release of the document, material, or information from the terms of this Protective Order and thereafter, the party receiving such request shall have ten (10) days from receipt thereof to respond to said request. If the parties do not reach an agreement, then the requesting party may move this Court for relief from this Order.

5. Any party objecting to the designation of any particular Document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or believing that any such designation is not made in good faith (collectively referred to as "objections") shall attempt to resolve the matter by setting forth in writing to the other party the objections and reason(s) therefore. Any objections that counsel are unable to resolve within ten (10) days of the receipt of the objection may be raised with the Court by the party challenging confidentiality. Pending the determination by the Court, the Documents shall retain their protected status.

6. Documents designated "CONFIDENTIAL," copies thereof, and any confidential information contained therein, shall be used solely for the purpose of conducting this Litigation in good faith and not for any business, personal or other purpose whatsoever, and shall not be disclosed to any person except:

    (1) the Court and its officers;

(2) court reporters engaged in this Litigation;

(3) counsel of record and other retained counsel in this Litigation and personnel of counsels' respective law firms who have direct functional responsibility for preparation and trial of this Litigation, including paralegals, legal assistants, litigation support services, and outside copy services utilized by each firm;

(4) any witness in this Litigation, who is shown a Confidential Document outside of a deposition, provided that said witness executes a copy of the Affidavit attached hereto as Exhibit A. At a deposition, either party may declare the deposition Confidential in accordance with the procedures contained herein. No witness in this Litigation, who is shown a Confidential Document during a deposition, may take an original or a copy of any such document from the deposition;

(5) independent consultants, non-party experts, and counsel retained by a party or counsel to a party to assist counsel in the preparation and trial of this Litigation Any party so retaining such a consultant or expert or counsel shall have such person execute the Agreement attached to this Order and shall provide a copy of same to opposing counsel within three (3) business days of execution;

(6) no more than five (5) employees of Plaintiff that counsel of record, in good faith, requires to provide assistance in the conduct and evaluation of this Litigation. "Employees" as used in this section 6(6) shall include employees, officers, directors or shareholders of Plaintiff, employees, officers, directors or shareholders of any wholly owned subsidiary of Plaintiff and employees, officers, directors or shareholders of any parent company that wholly owns Plaintiff. Plaintiff shall have such persons execute the Agreement attached to this Order and shall provide a copy of the same to opposing counsel within three (3) business days of execution;

(7) mediators agreed to by the parties or as appointed by the Court to assist in resolving the issues between the parties;

(8) in-house counsel for Plaintiff and personnel of in-house counsel who are directly assisting in the conduct of this Litigation, including paralegal, clerical and other regular employees.

7. Documents designated "ATTORNEYS' EYES ONLY," copies thereof, and any confidential information contained therein shall be used solely for the purpose of conducting

this Litigation in good faith and not for any business, personal or other purpose whatsoever, and shall not be disclosed to any person except:

    (1)    the Court and its officers;

    (2)    court reporters engaged in this Litigation;

    (3)    counsel of record in this Litigation, other retained counsel, and personnel of counsels' respective law firms who have direct functional responsibility for preparation and trial of this Litigation, including paralegals, legal assistants, Litigation support services, and outside copy services utilized by each firm;

    (4)    non-party experts and counsel retained by a party or counsel to a party to assist counsel in the preparation and trial of this Litigation. Any party so retaining such a person shall have such person execute the Agreement attached to this Order and shall provide a copy of same to opposing counsel within three (3) business days of execution. With respect to retention of non-party experts, the signed Agreement(s) must be presented to opposing counsel seven (7) business days before the non-party expert is provided access to the Discovery Material designated "Attorneys' Eyes Only" to allow opposing counsel an opportunity to object and seek relief from the Court. No Discovery Material shall be provided to a non-party expert until the resolution of any objections.;

    (5)    Mediators agreed to by the parties or as appointed by the Court to assist in resolving the issues between the parties; and

    (6)    In-house counsel for Plaintiff and personnel of in-house counsel who have direct functional responsibility for preparation and trial of this Litigation, including paralegal, clerical, and other regular employees.

8. So long as this Order is enforced as to any Document, or portion thereof designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," no use shall be made of the Document, any copies thereof, or the contents of such Document or copies, by persons authorized pursuant to this Order, except for the purposes of this Litigation. Notwithstanding anything to the contrary hereinabove, nothing in this Order shall restrict a party's or third party's ability to use or disclose its own documents or proprietary information.

9. Documents designated as "CONFIDENTIAL" pursuant to this Order may only be reviewed by or disclosed or otherwise revealed to those persons specified in Paragraph 6 of this Order. Moreover, the information contained in such Documents cannot be revealed to any person not specified in Paragraph 6 of this Order.

10. Documents designated as "ATTORNEYS' EYES ONLY" pursuant to this Order may only be reviewed by or disclosed or otherwise revealed to those persons specified in Paragraph 7 of this Order. Moreover, the information contained in such Documents cannot be revealed to any person not specified in Paragraph 7 of this Order.

11. In the event a document designated as "ATTORNEYS' EYES ONLY" is shown to a witness during a deposition, all persons not associated with the party who produced the document, other than outside counsel, must first leave the room in which the deposition is being conducted. When a document designated as "ATTORNEYS' EYES ONLY" is discussed on the record in a deposition, that portion of the deposition transcript containing discussion must be segregated in a separate transcript binder designated as the "ATTORNEYS' EYES ONLY" transcript, and that portion of the transcript may not be provided to or viewed by persons not specified in Paragraph 7 above.

12. Confidential information disclosed at deposition may be designated by any party as "CONFIDENTIAL" by indicating on the record at the deposition that the testimony is "CONFIDENTIAL" and is subject to the provisions of this Protective Order. A party may also designate confidential information disclosed at such deposition as "CONFIDENTIAL" by notifying the opposing party in writing within five (5) days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as "CONFIDENTIAL" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and

each copy thereof in his possession, custody, or control. Third parties may invoke the protections of this Protective Order by designating transcripts under this paragraph.

13. Counsel for the parties shall keep all documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," which are received under this Order, secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

14. The restrictions and obligations regarding Documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall apply only to documents and information produced in this Litigation. In addition, the restrictions and obligations regarding Documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not apply to Documents that are already public knowledge at the time of production or that become public knowledge subsequent to production unless they become public knowledge because of a violation of this Order.

15. Whenever materials subject to this Order (or any pleading, motion or memorandum referring to them) are proposed to be filed in the Court record under seal, the party making such filing agrees to simultaneously submit a motion and accompanying order, pursuant to Local Rule 5.4, which includes: (a) proposed reasons supported by specific factual representations to justify the sealing; and (b) an explanation why alternatives to sealing would not provide sufficient protection. Any confidential information that is filed with the Court shall be filed in a sealed envelope with the notation thereon, "Contains Confidential Materials – To Be Opened Only Pursuant to Protective Order." The envelope shall not be opened or its contents disclosed (other than to the Court *in camera*) unless and until an Order of the Court, entered after notice to the parties, directs otherwise.

16.     The entry of this Stipulated Protective Order does not alter, waive, modify or abridge any right, privilege or protection otherwise available to any party or third party with respect to discovery matters, including, but not limited to, any party's or third party's right to assert the attorney-client privilege, work product doctrine, or other privileges with respect to Documents or any party's or third party's right to contest such assertion. Any inadvertent disclosure of Documents protected by the attorney-client privilege or the work product doctrine will not be deemed a waiver of such privilege. Upon request from the producing party, a non-producing party shall return all copies of any inadvertently disclosed privileged materials. The return of any inadvertently disclosed privileged materials shall not prejudice the rights of any party or third party to contest an assertion of the attorney-client privilege, work product doctrine, or other privileges with the Court.

17.     Nothing in this Order shall diminish the existing rights and responsibilities of the parties and other persons involved in this Litigation with respect to the protection of confidential information, as defined herein or otherwise. Nothing in this Order shall be construed to preclude the parties or third parties from waiving, in writing or on the record, provisions set forth herein in specific instances to expedite this Litigation. Nothing in this Order shall be construed to preclude the parties or third parties from seeking and obtaining additional protection from the Court with respect to the treatment of documents or other material covered by this Order.

18.     Upon the final determination of this Litigation or dismissal in connection with an executed settlement agreement, all originals, copies, and derivatives of Documents shall be returned to counsel for the party that produced the document or other material within thirty days. Notwithstanding anything to the contrary hereinabove, this Order will not require a party to return any documents that originated from that party.

19. Upon the final determination of this Litigation or dismissal in connection with an executed settlement agreement, attorneys for the parties and third parties shall permit the Clerk to return to counsel or destroy any sealed material that is filed with the Court, pursuant to Local Rule 5.4.

20. There are no exceptions except as may be provided by Order of the Court following reasonable notice to all the parties, pursuant to the procedure as outlined above.

21. This Order shall be without prejudice to the right of any party to bring to the Court at any time the question of whether any particular document or information is "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or whether its use should be restricted.

22. The designation of documents or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Stipulated Protective Order, or failure to do so, shall not serve as the basis for and shall not impact in any way any assertion by the producing party that such documents or information are in fact confidential or proprietary to the producing party and/or trade secrets of the producing party under applicable law.

23. This Stipulated Protective Order and the obligation to maintain confidentiality shall survive the termination of this action and shall continue in full force and effect.

24. Any violation of this Stipulated Protective Order shall subject the breaching party to sanctions, injunctive relief, or any other equitable or legal right which any party or signatory hereto may have hereunder for any failure by a party or signatory to perform its obligations hereunder

ENTERED this _15_ day of June, 2009.

_Lurana S. Snow_
LURANA S. SNOW
U.S. DISTRICT MAGISTRATE JUDGE

## DECLARATION

I declare as follows:

    1.    My name is _____.

I live at _____.

I am employed as _____
                                                (state position)

by _____.
                              (state name and address of employer)

    2.    I am aware that the parties have stipulated to a Protective Order regarding the confidentiality of information and documents produced by the parties in <u>TEKsystems, Inc. v. Bolton</u>, Civil No. 08-CV-3099-RBD, in the U.S. District Court for the District of Maryland, Northern Division. A copy of the Protective Order has been given to me.

    3.    I promise that documents and information given confidential treatment under the Protective Order will be used by me only in testifying and/or assisting counsel in preparing for and conducting the Litigation of the above-referenced case and not for any business, personal or other purposes whatsoever.

    4.    I understand that any use by me of documents or information given confidential treatment under the Protective Order, or any portion or summaries thereof, in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____

                                                               _____
                                                                      (signature)

## ATTACHMENT A

## SERVICE LIST
### TEKsystems, Inc. v. Jonathan Bolton and Steven Douglas Associates, Inc.
### Case No. 09-60586-MC-Dimitrouleas/Snow
### U.S. District Court, Southern District of Florida

Gaye L. Huxoll, Esq.
E-mail: ghuxoll@littler.com
LITTLER MENDELSON, P.C.
One Biscayne Tower, Suite 1500
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552
*Counsel for Plaintiff*
(Served via Notice of Electronic Filing)

Michael W. Ullman, Esq.
E-mail: michael.ullman@uulaw.net
Greg H. Rosenthal, Esq.
E-mail: greg.rosenthal@uulaw.net
ULLMAN & ULLMAN, P.A.
150 E. Palmetto Park Rd., Suite 650
Boca Raton, Florida 33432
Telephone: (561) 338-3535
Facsimile: (561) 338-3581
*Counsel for Non-party Witness
Steven Douglas Associates, Inc.*
(Served via Notice of Electronic Filing)

Carl S. Silverman, Esq.
E-mail: silverman@csslawllc.com
Carl S. Silverman, LLC
111 South Calvert St., Suite 2700
Baltimore, Maryland 21202
Telephone: (410) 385-5648
Facsimile: (410) 385-5201
*Counsel for Defendant*
(Served via Mail)